IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JET CREATIONS, INC., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-24-1340 |
| ZHEJIANG WEILONG PLASTIC PRODUCTS CO., LTD., et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Jet Creations, Inc.'s Motion for Temporary Restraining Order ("TRO"). (ECF No. 5.) A TRO Hearing is currently set for tomorrow, May 22, 2024 at 11:00 a.m. (ECF No. 6.) However, Plaintiff does not adequately state the basis for the Court's personal jurisdiction over the Defendants in its Complaint. (*See generally* ECF No. 1.) Therefore, the Court will vacate the TRO Hearing and order the Plaintiff to show cause why the Complaint should not be dismissed for lack of personal jurisdiction over the Defendants.

To establish personal jurisdiction over the Defendants, Plaintiff must show:

(1) a State's *general* jurisdiction over the defendant by demonstrating the defendant's continuous and systematic contact with the State; (2) a State's *specific* jurisdiction over the defendant by demonstrating that the defendant purposely established minimum contacts in the forum state such that it should reasonably anticipate being haled into court there on a claim arising out of those contacts; or (3) Rule 4(k)(2) jurisdiction by demonstrating that no State can exercise personal jurisdiction over the defendant and that the defendant has sufficient contacts with the United States such that exercising jurisdiction over the defendant would be consistent with the U.S. Constitution and laws.

*Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018) (citations omitted).

Here, the allegations do not appear sufficient to establish personal jurisdiction with respect to Maryland's general or specific jurisdiction—although Plaintiff is of course entitled to make such argument to the extent it believes such jurisdiction exists.

As for the third category of establishing personal jurisdiction, Rule 4(k)(2) provides that: "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service[1] establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Thus, "if a plaintiff's claims arise under federal law, the plaintiff can invoke Rule 4(k)(2) if it demonstrates that *no State* can exercise personal jurisdiction over the defendant but that the defendant's contacts with the United States as a whole support the exercise of jurisdiction consistent with the Constitution and laws of the United States." *Grayson v. Anderson*, 816 F.3d 262, 271 (4th Cir. 2016). Rule 4(k)(2) may provide the jurisdictional hook in a situation such as the one before the Court, where "a foreign entity purposefully avails itself of the protection of U.S. law by directing activity towards the country at large, but, because contact is divided by 50, does not reach a jurisdictional level of contact with any individual state . . Rare is the non-U.S. website that vigorously pursues customers in only a single state; many do not even acknowledge the existence of individual states." *Silver Ring Splint Co. v. Digispint, Inc.*, Civ. No. 306-CV-00065, 2007 WL 1052488, at *3 (W.D. Va. Apr. 5, 2007).

In analyzing whether personal jurisdiction exists under Rule 4(k)(2), "[t]he district court performs the same due process analysis as the analysis under Rule 4(k)(1), only the analysis is applied to the entirety of the United States, as opposed to [a particular state]." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 351 (4th Cir. 2020). Thus, under either rule, a defendant "must

---

[1] The Court recognizes that Rule 4(k)(2) requires the service of summons or waiver of service. However, at this stage of the litigation and given that TROs may be granted ex parte, the Court will be satisfied that this requirement is met upon a showing that service is likely to be accomplished, for example pursuant to Rule 4(f)(3).

2

have minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citation omitted). The Court examines: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in [the forum]; (2) whether the plaintiffs' claims arise out of those activities directed at [the forum]; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* at 352 (citation omitted). Of particular relevance here, the Fourth Circuit has explained that a defendant's online activity can serve as a basis for exercising specific personal jurisdiction if the defendant "(1) directs electronic activity into the [forum], (2) with the manifested intent of engaging in business or other interactions within the [forum], and (3) that activity creates, in a person within the [forum], a potential cause of action cognizable in the [forum]'s courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002).

In this case, Plaintiff states only that "this Court may properly exercise personal jurisdiction over Defendants, since each Defendant directly targets business activities toward consumers in the United States, including Maryland, through their operations of or assistance in the operation of the fully interactive, commercial internet stores hosted on the AliExpress website and other websites" and that "the Court also has long-arm jurisdictional over the Defendants as set forth in Federal Rules of Civil Procedure, Rule 4(k)(2) as (1) the claim at issue arises from federal law; (2) the defendants are not subject to any state's courts of general jurisdiction; and (3) invoking jurisdiction upholds due process." (ECF No. 1 ¶¶ 3, 4.)

However, these allegations do not sufficiently state how Defendants directly target the United States, whether it is Defendants or "the AliExpress website or other websites" that conduct such targeting, or how much business they have done with United States consumers. *See Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 598 (E.D. Va. 2003) (finding personal jurisdiction over defendants where the website "provide[d] specific ordering information for

United States customers"; "[n]o other countries apart from the United States and Canada are mentioned by name on the ordering information page"; "the prices for the products are listed in dollars, presumably United States dollars"; "three of the six testimonials are purportedly from United States citizens"; the promotional text refers to "American citizens"; and the defendant "shipp[ed] his materials to the two Virginia residents mentioned in the record"); *Automobili Lamborghini S.P.A. v. Lamborghini Latino Am. USA*, 400 F. Supp. 3d 471, 474 (E.D. Va. 2019) (findings sufficient contacts with the United States as a whole where, *inter alia*, the relevant "website specifically targeted the United States market" and "the only confirmed sales [] through the website were to purchasers in the United States").

Given that Plaintiff seeks that the Court grant the extraordinary relief of an ex parte TRO, the Court will vacate the TRO Hearing, and will direct Plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction as to each Defendant. To the extent Plaintiff sufficiently alleges personal jurisdiction over the Defendants, the Court will reschedule the TRO Hearing.

Accordingly, it is ORDERED that:

1. The TRO Hearing scheduled for May 22, 2024 at 11:00 a.m. is VACATED; and
2. Plaintiff is DIRECTED to SHOW CAUSE why the Court should not dismiss this action for lack of personal jurisdiction over the Defendants by June 4, 2024.

DATED this 21 day of May, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge