## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JET CREATIONS, INC.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-24-1340** |
| **ZHEJIANG WEILONG PLASTIC** | * | |
| **PRODUCTS CO., LTD., et al.,** | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM

Pending before the Court is Plaintiff Jet Creations, Inc.'s Motion for a Temporary Restraining Order ("TRO"). (ECF No. 5.) For the reasons set forth below, and for the reasons stated in open court during the June 27, 2024 TRO Hearing, the Motion will be granted in part.

### I.    *Background*

Plaintiff is a Virginia corporation that sells inflatable toys and that owns the copyright for a "three dimensional sculpture" of a zebra, U.S. Reg. No. VA-940-547. (ECF No. 1 ¶¶ 5, 22; ECF No. 1-1.) Plaintiff alleges that it has sold the zebra since 1998, and that it sells it on various online sites and in brick-and-mortar stores. (ECF No. 1 ¶¶ 24, 27.) Defendants are several companies registered in China that operate webstores that allegedly target United States customers. (*Id.* ¶¶ 6–21, 29.) Plaintiff alleges that "[e]ach of the Defendants operates similar webstores that offer counterfeit products, infringing products, and/or derivative products of Plaintiff's copyrighted work." (*Id.* ¶ 6.)

Plaintiff alleges that "Defendant Weilong had manufactured Plaintiff's copyrighted inflatable zebra on behalf of the Plaintiff before March 2022 and has knowledge of Plaintiff's

Copyrighted Work and Plaintiffs' [*sic*] exclusive rights in the product." (*Id.* ¶ 34.) Plaintiff alleges that after it "terminated its manufacturing relationship with Defendant Weilong . . . Weilong has continued to manufacture the Copyrighted Work and sells and distributes infringing inflatable zebra products to third parties including the Defendants." (*Id.* ¶ 35.) Plaintiff also alleges that it sent notices to Defendants, and that the "Defendants replied with similar responses and alleged the counterfeit products were lawfully obtained from Defendant Weilong." (*Id.* ¶ 41.)

Plaintiff brings the following claims: Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501(a) (Count I); False Advertising under 15 U.S.C. § 1125(a)(1)(B) (Count II); Trade Dress Infringement under § 43(a)(1)(A) of the Lanham Act, 15 U.S.C §1125(a)(1)(A) (Count III); and Civil Conspiracy (Count IV). (*Id.* ¶¶ 49–77.)

Plaintiff filed its Complaint on May 8, 2024. (*Id.*) On May 14, 2024, Plaintiff filed a Motion for TRO. (ECF No. 5.) The Court set in a TRO Hearing. (ECF No. 6.) The Court subsequently vacated the Hearing, and directed Plaintiff to show cause why the Court should not dismiss the case for lack of personal jurisdiction over the Defendants. (ECF No. 10.) Plaintiff responded (ECF No. 11), and the Court again set in a TRO Hearing (ECF No. 12.) The Court held a TRO Hearing on June 27, 2024.

## II. *Personal Jurisdiction*

A plaintiff seeking to invoke Rule 4(k)(2) must show that: "(1) the claim 'arise[s] under federal law;' (2) the defendant is 'not subject to the jurisdiction of the courts of general jurisdiction of any state;' and (3) the court's exercise of jurisdiction would be 'consistent with the Constitution and laws of the United States.'" *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 215 (4th Cir. 2002) (quoting Fed. R. Civ. Pr. 4(k)(2)). The Fourth Circuit has explained that a defendant's online activity can serve as a basis for exercising specific personal jurisdiction if the defendant "(1) directs electronic activity into the [forum], (2) with the manifested

intent of engaging in business or other interactions within the [forum], and (3) that activity creates, in a person within the [forum], a potential cause of action cognizable in the [forum]'s courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002).[1]

For the reasons stated in open court, the Court concludes that Plaintiff has sufficiently alleged facts to support the Court's exercise of jurisdiction over the following Defendants: Qianshan County Yingzhe Trading Co., Ltd.; Junhua City Leyan Trading Co., Ltd.; Taiyuan Xinyian Information Technology Co., Ltd.; Taiyuan Aoxuan Trading Co., Ltd.; Shanghai Yi Chen Industrial Co., Ltd.; Taiyuan Qulite Information Technology Co., Ltd.; Guangzhou Biedi Trading Co., Ltd.; Yongkang Shikasuo Electronic Commerce Co., Ltd.; Beautiful Bubble Online Store; and Wuling District Xinda Balloon Business Department. The TRO will issue against these ten Defendants only.

Plaintiff has not sufficiently alleged facts with respect to Dongyang Baozhi Toys Factory; Zhejiang Weilong Plastic Products Co., Ltd.; Xunyang District Feier Department Store Business Department; Jinhua Qixin Trading Co., Ltd.; and Qianshan County Hanying Trading Co., Ltd. Accordingly, the TRO will not issue against these Defendants.

In short, this is not to say that Plaintiff has conclusively established personal jurisdiction over the Defendants. Rather, the Court concludes that Plaintiff has made a sufficient showing at this stage of the litigation that a TRO may issue against the ten above-referenced Defendants. A more detailed inquiry or jurisdictional discovery could suggest that this Court lacks personal jurisdiction over these Defendants.

---

[1] In analyzing whether personal jurisdiction exists under Rule 4(k)(2), "[t]he district court performs the same due process analysis as the analysis under Rule 4(k)(1), only the analysis is applied to the entirety of the United States, as opposed to [a particular state]." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 351 (4th Cir. 2020). Thus, under either rule, a defendant "must have minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citation omitted).

3

### III.   *Legal Standard*

#### A.  TRO Legal Standard

The purpose of a TRO is to "preserve the status quo only until a preliminary injunction hearing can be held[.]" *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411 (4th Cir. 1999) (quotation omitted). "Because a TRO . . . is 'an extraordinary remedy,' it 'may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Coreas v. Bounds*, 451 F. Supp. 3d 407, 420 (D. Md. 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). A party seeking a TRO must demonstrate that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20.

#### B.  Requirements for Issuing an *Ex Parte* TRO

There are procedural prerequisites to the issuance of a TRO.  Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without notice to an adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

As discussed at the Hearing, these requirements are met here.

### IV.   *Analysis*

#### A.  Likelihood of Success on the Merits

##### 1.  Copyright Infringement

Count I alleges Copyright Infringement in Violation of 17 U.S.C. §§ 106 and 501(a).  For the reasons set forth below and in open court, Plaintiff has established a likelihood of success on the merits of this claim.  17 U.S.C. § 106 provides that "the owner of copyright under this title has

4

the exclusive rights to do and to authorize," *inter alia*, the reproduction and sale of the copyrighted work.  17 U.S.C. § 501(a) provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright[.]" "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

    "A certificate of registration issued by the Copyright Office is 'prima facie evidence of the validity of the copyright and of the facts stated in the certificate,' such as ownership . . . . However, the Copyright Office's practice of summarily issuing registrations (perhaps even the day of filing the application[]) counsels against placing too much weight on registrations as proof of a valid copyright." *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010) (citing 17 U.S.C. § 410(c)).

    In addition, copyright ownership requires "proof of originality and copyrightability." *Darden v. Peters*, 488 F.3d 277, 285 (4th Cir. 2007) (citation and quotations omitted).  With respect to depictions of animals, this Court has explained that:

> [W]hen works contain realistic depictions of animals or other naturally occurring items, the scope of the copyright protection for the work may be limited because the features and behavior of animals in nature are part of the public domain. Realistic sculptures of animals are still copyrightable if they represent the author's creative work, but direct copies or casts of animals are not. The thin copyright in such works means that only exact or nearly exact copies may constitute infringement.

*Billco Int'l, Inc. v. Charles Prods., Inc.*, 776 F. Supp. 2d 105, 114–15 (D. Md. 2011) (citations omitted).

    Here, Plaintiff has a Certificate of Registration registering the three-dimensional zebra sculpture.  (*See* ECF No. 1-1.)  This is prima facie evidence of Plaintiff's ownership of the copyright.  Further, the zebra sculpture appears to be sufficiently original, considering the low bar

required for originality under copyright laws. *See Feist Publ'ns*, 499 U.S. at 345. The sculpture is not a direct copy or cast of animal, but rather reflects some artistic license. *See Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 492 (4th Cir. 1996) ("[A]n animal sculpture, even if realistic, is copyrightable as long as the work represents the author's creative effort."). With respect to Defendants' alleged copying of the work, the likely copying is apparent in comparing the photos of Plaintiff's product with Defendants'. (*Compare* ECF No. 1-2 (Plaintiff's zebra) *with* ECF Nos. 1-3–1-20 (Defendants' zebras).)

Plaintiff has therefore shown a likelihood of success on the merits with respect to its Copyright Infringement claim (Count I).

### 2.  Other Claims

Plaintiff brought three other claims: False Advertising under 15 U.S.C. § 1125(a)(1)(B) (Count II); Trade Dress Infringement under § 43(a)(1)(A) of the Lanham Act, 15 U.S.C §1125(a)(1)(A) (Count III); and Civil Conspiracy (Count IV). (*Id.* ¶¶ 49–77.) It is not clear that Plaintiff is likely to succeed on the merits of these claims. Given the expedited nature of this proceeding, that Plaintiff is likely to succeed on the merits of its Copyright Infringement claim, and that the Court finds that Plaintiff is not likely to succeed on the other claims, the Court does not address them herein.

### B.  Irreparable Harm

To satisfy the irreparable harm prong, the plaintiff "must make a clear showing that it will suffer harm that is neither remote nor speculative, but actual and imminent." *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197 (4th Cir. 2019) (quotation and citation omitted). Harm is irreparable when it "cannot be fully rectified by the final judgment after trial." *Id.* (quotation omitted). The Fourth Circuit has explained that

6

"when anticipated economic losses will be recoverable at the end of litigation, then those losses generally will not qualify as irreparable for purposes of preliminary relief." *Id.* at 217–18 (citations omitted). As is relevant here, "[a]t one time, federal courts . . . presumed irreparable harm in copyright cases once the plaintiff established probable likelihood of success on the merits" but "[i]n 2006, the Supreme Court declared such presumptions inappropriate" and courts are required to apply the four-factor injunctive relief test to copyright claims. *Bethesda Softworks, L.L.C. v. Interplay Ent. Corp.*, 452 F. App'x 351, 354 (4th Cir. 2011) (citations omitted).

Here, Plaintiff is likely to suffer irreparable harm with respect to Count I.[2]  In addition to economic harms—which generally are insufficient to warrant a TRO—Plaintiff is being deprived of the benefit of its copyright. "Irreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007).  In addition, "while the calculation of future damages and profits for each future sale might be possible, any such effort would entail a substantial amount of speculation and guesswork that renders the effort difficult or impossible in this case." *Id.*  The Fourth Circuit has also recognized that the loss of goodwill in the relevant industry, loss of customers, and loss of the ability to attract new customers are difficult to quantify in terms of money damages and thus may justify injunctive relief. *See Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*, 442 F. App'x 776, 785 (4th Cir. 2011).  Further, the Defendants' actions are not confined to the past and "there still exists a 'cognizable danger of [a] recurrent violation' by Defendants, such that injunctive relief is warranted. *Brightview Grp., LP v. Teeters*, 441 F. Supp. 3d 115, 140 (D. Md. 2020) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).

---

[2] Because the Court concludes that Plaintiff has not carried its burden of showing a likelihood of success on the merits with respect to Counts II–IV, the Court's analysis of the remaining *Winter* factors will focus solely on Count I.

7

## C. Balance of the Equities

In deciding whether to grant injunctive relief, the Court must weigh the balance of the equities and the relative harms to the parties. *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 283 (4th Cir. 2002). The Court must balance the harm suffered to the plaintiff if the TRO is improperly denied against the harm to the defendant if the TRO is improperly granted. *Id.* at 283–84. The balance of the equities weighs in favor of a TRO. A TRO will be of short temporal duration, and the Defendants will have an opportunity to challenge Plaintiff's allegations in short order. Further, Rule 65(b)(4) provides that Defendants can move to dissolve or modify the order.

## D. Public Interest

There does not appear to be any disservice to the public in granting a TRO here; on the contrary, the public interest favors the granting of injunctive relief to uphold copyright protections. *Metro. Regional Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 713 (D. Md. 2012).

Accordingly, the Court finds that Plaintiff's Motion for a TRO should be granted with respect to its Copyright Infringement claim.

## V. *Relief Sought*

Plaintiff requests multiple forms of relief. Each is addressed in turn below.

## A. Requests Relating to Third Parties

Plaintiff seeks an order requiring third parties such as PayPal and U.S.-based financial institutions to freeze Defendants' accounts. Plaintiff seeks that the Court enjoin third parties, but Rule 65(d)(2) provides that a TRO may bind "only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with

8

anyone described in Rule 65(d)(2)(A) or (B)." Other courts have denied requests for injunctive relief against non-parties. *See, e.g., Active Creations LLC v. Beijing Jinwei Kangda Med. Instrument Ltd.*, Civ. No. 21-406 (RCY), 2021 WL 5195087, at \*4 (E.D. Va. July 27, 2021) (explaining that "Plaintiff provides no legal justification for the Court's authority to enjoin this non-party, and the Court will deny this request" and declining to enjoin Amazon); *Roman v. Spilman Thomas Battle, PLLC*, Civ. No. 23-00749, 2024 WL 646391, at \*1 (W.D. Va. Feb. 15, 2024) (collecting cases).

There is no allegation that the non-parties fall into any of the Rule 65(d)(2) categories. Further, Plaintiff cites no authority whatsoever for the proposition that this Court may issue a TRO enjoining non-parties. Therefore, this request will be denied without prejudice.

## B. Requests Relating to the Copyrighted Work

Plaintiff also seeks an order "order[ing] all Defendants with notice of the order to immediately discontinue use of the Plaintiff's Copyrighted Work" (ECF No. 5 at 2) and other relief associated with this request (ECF No. 5-2 ¶ 1.) This request will be granted as provided in the accompanying Order.

## C. Requests Relating to Discovery

Plaintiff also seeks an order permitting Plaintiff to conduct limited discovery. (ECF No. 5 at 2; ECF No. 5-2 ¶ 3.) This request will be granted as provided in the accompanying Order.

## D. Request Relating to Service

Plaintiff seeks an order permitting it to serve Defendants under Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) provides that one method of service is "by other means not prohibited by international agreement, as the court orders." The Fourth Circuit has explained that "[s]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely

9

one means among several which enables service of process on an international defendant." *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015) (citation and quotations omitted). Further:

> A court is afforded wide discretion in ordering service of process under Rule 4(f)(3), which provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case. . . . In order to fulfill due process requirements under Rule 4(f)(3), a court must approve a method of service that is reasonably calculated under all the circumstances to give notice to defendant.

*Id.* (citations and quotations omitted).

Plaintiff does not address the relevant issues in its briefing, including whether service by email is prohibited by international agreement and whether email service is reasonably calculated to afford the Defendants notice. Plaintiff's request will be denied without prejudice.

### E. Requests Relating to a Preliminary Injunction.

Plaintiff seeks an order "to show cause why any temporary restraining order issued by the Court should not be converted into a preliminary injunction." (ECF No. 5 at 2.) Plaintiff also seeks an order scheduling a preliminary injunction hearing. (ECF No. 5 at 2.)

This is not the proper procedure for issuing a preliminary injunction, and the request will be denied. Instead, Plaintiff may move for a preliminary injunction, to be filed, briefed, and considered in accordance with the Federal Rules of Civil Procedure and the local rules of this District. With respect to the preliminary injunction hearing, Plaintiff will be directed to file a status report regarding service upon the Defendants before the Court will consider setting in such Hearing.

### VI. Security

Rule 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to

10

pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "The determination of the precise amount to be posted as a bond [] rests in the Court's discretion." *Brightview Grp., LP v. Teeters*, 441 F. Supp. 3d 115, 144 (D. Md. 2020). The Court concludes that a bond of $5,000 is appropriate, as discussed at the Hearing.

## VII.    Conclusion

For the foregoing reasons and for the reasons stated in open court during the TRO Hearing, Plaintiff's Motion (ECF No. 5) will be granted in part, and the Court will enjoin ten of the Defendants as described in the accompanying Order.

DATED this 27 day of June, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

11