## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | |
|---|---|
| Jet Creations, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-01340-JKB |
| | ) |
| Zhejiang Weilong Plastic Products Co., Ltd., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## PLAINTIFF'S  MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT UNDER AND DAMAGES AND FEE AWARD

Plaintiff, Jet Creations, Inc.,("Jet Creations") submits the following memorandum in support of Plaintiff's Motion for Default Judgment under Fed. R. Civ. P. 55 against the Defendants based on Plaintiff's action for Copyright Infringement (Count I), False Advertising (Count II), Trade Dress Infringement (Count III), and Civil Conspiracy (Count IV).  Excluded from this motion are Defendants are Beautiful Bubble Online Store, Guangzhou Biedi Trading Co., Ltd., and Shanghai Yi Chen Industrial Co., Ltd., who have been dismissed by the Plaintiff.

### INTRODUCTION

Jet Creations brought this action on and has served certain Defendants pursuant to the requirement of the Hauge Convention.  The clerk entered default on April 30, 2025.  See DCK 111.  Jet Creations now seeks default judgment, permanent injunction, damages and attorney fees. Since Defendants did not participate in this action, Jet Creations has not

1

had the opportunity to conduct discovery to determine the sales and profits made by the accused infringers. Consequently, it seeks statutory damages that are premised on its copyright infringement claim.

## STATEMENT OF FACT

Plaintiff is the creator and owner of copyright U.S. Reg. Nos. VA 940-547 for an inflatable zebra toy (the "Copyrighted Work"). Plaintiff created the work in 1995 and registered its copyright in the work in 1998. Since 1998, Plaintiff has continuously marketed and sold the products for more than 20 years. Plaintiff has featured its Copyrighted Work at dozens of trade shows including the Pool and Spa Show, the New York Toy Fair, the NEA show, and the New York Gift Fair. Plaintiff has advertised its inflatable zebra product on its Facebook page for more than 10 years and the product is prominently featured on its website. Plaintiff's copyrighted zebra products are sold on Amazon, eBay, Walmart, Alibaba Express, Kishida, Mercari other online stores as well as brick and mortar retail stores. Complaint [1] at ¶¶ 22-25 and 27.

The results from a Google search for the term "inflatable zebra" display the Plaintiff's Copyrighted Work first. It is by far the most prominent listing among competing products. *Id*. ¶ 26.

Defendants conduct business throughout the United States, including within the state of Maryland and in this Judicial District, through the operation of fully interactive commercial webstores. Each Defendant targets the United States, including Maryland, and has offered to sell and, on information and belief, has sold the infringing products to

2

consumers within the United States, including Maryland and in this Judicial District. *Id*. at ¶ 29, DCK 1-3 to 1-20.

The Defendants' webstores that sell the Infringing Products are hosted by at least AliExpress, Taobao, and 1688.com.  The AliExpress website at least hosts Defendants Brennus Fantasy Party Store, Dream Themed Party Store, H-BABY Store, LeYan Party Store, Little Dolphin Party Store, M-World Store, MYIn Home Store, Minimalist Living Store, Shop1102664074 Store, Shop1102857912 Store, and Xixi Party Store.  Taobao at least hosts Defendants Wuling District Xinda Balloon Business Department. 1688.com at least hosts Defendants Dongyang Baozhi Toys, Jinhua Qixin Trading Co., Ltd., Wuling District Xinda Balloon Business Department, Xunyang District Feier Department Store, and Zhejiang Weilong Plastic Products Co., Ltd. ("Weilong"). *Id*. at ¶ 30.

Defendant Weilong had manufactured Plaintiff's Copyrighted Work on behalf of the Plaintiff before March of 2022, and thus has full knowledge of Plaintiff's Copyrighted Work and Plaintiffs' exclusive rights in the product.  After Plaintiff terminated its manufacturing cooperation with the Defendant Weilong, on information and belief, Defendant Weilong continued manufacturing the Copyrighted Work, and sold and distributed the Infringing Products to third party retailers including the co-Defendants. *Id*. at ¶¶ 34-35.

Each of the Defendants, without authorization or license from Plaintiff, has offered for sale, sold, and/or imported into the United States for subsequent resale or use products that constitutes an infringement of the Plaintiff's Copyrighted Work. *Id*. at ¶ 36.

The Defendants' product listings on the AliExpress website and other websites all have the same or similar photographs of the Plaintiff's Copyrighted Work, and, on

informational and belief, these images were taken from Plaintiff's website and further include other unique identifiers, such as similar and identical descriptions and design elements on the webstores, which, on information and belief, were copied from Plaintiff's website and/or other social media publications. *Id*. at ¶ 39.

When Plaintiff discovered the infringing and counterfeit products, Plaintiff sent notices to the Defendants via Alibaba in November 2023. Alibaba owns AliExpress, Taobao, and 1688.com, which host Defendants' webstores. Many of the Defendants responded but did not admit wrongdoing. Defendants replied with similar responses and alleged the Infringing Products were lawfully obtained from Defendant Weilong, and continued selling these Infringed Products over the retail channels. Such similar responses from each Defendant indicate that Defendants communicated with one another regarding tactics for defending operating the sale of Infringing Products, and also suggest that Defendants were cooperatively operating from the same transaction, occurrence, or series of transactions or occurrences. *Id*. at ¶¶ 40-42.

Furthermore, the Defendant Weilong, as a whole seller, has an on-line store hosted by 1688.com which supports and promotes other retailers to sell the Infringing Product via the various Internet channels along with custom processing; such Internet channels include Amazon and TikTok. DCK 1-10.

Further, the images of the Infringing Products depicted for sale in the Defendants' webstores bear similarities of being related to one another along with similar web contents, such that it suggests that the Infringing Products are manufactured by and come from a common source, and further suggests that Defendants are interrelated. *Id*. at ¶¶ 43-44.

Defendants' use of the images of Plaintiff's Copyrighted Work on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Infringing Products also causes and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff. *Id*. at ¶ 47.

## ARGUMENT

## I.    JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the Copyright Act 17 U.S.C. § 101, 15 U.S.C. § 1125(a), 28 U.S.C. § 1331, and 1338(a)-(b). *Id*. at ¶ 1.

This Court has jurisdiction over the conspiracy claims that arise under the laws of the State of Maryland pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. *Id*. at ¶ 2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants.   Through at least the fully interactive commercial internet websites and online marketplace accounts operating under the Defendants' Internet Stores hosted on the AliExpress website and other websites, each of the Defaulting Defendants has targeted sales from Maryland residents by operating websites and/or online marketplace accounts that offer shipping to the United States, including Maryland and, on information and belief, have sold Infringing Product/Counterfeit to residents within the United States, including Maryland, accept payment in U.S. dollars and, on information and belief, have sold Product

bearing infringing versions of Plaintiff's federally registered copyrights to residents of Maryland. *Id.* at ¶¶ 3 and 29-30.

Alternatively, the Court also has long-arm jurisdictional over the Defendants as set forth in Federal Rules of Civil Procedure, Rule 4(k)(2) as (1) the claim at issue arises from federal law; (2) the defendants are not subject to any state's courts of general jurisdiction; and (3) invoking jurisdiction upholds due process. *Id.* at ¶ 4.

## II.    PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

On May 8, 2024, Plaintiff filed its Complaint. The Defendants were properly served between October 17, 2024 and December 19, 2024 under the Hague Service Convention Protocol. Despite having been served with process, the Defaulting Defendants have ignored these proceedings and failed to plead or otherwise defend this action. King's Declaration at ¶¶ 2 and 3. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 6. Accordingly, Plaintiff asked for entry of default against the Defaulting Defendants on April 30, 2025.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. When the Court determines that a defendant is in default, the factual allegations of the complaint are taken

as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).

At least twenty-one (21) days have passed since Defendants were served with the Notice of Default, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. Accordingly, default judgment is appropriate, and Plaintiff requests an award of statutory damages as authorized by 17 U.S.C. §504(c)(2) for willful copyright infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products/Counterfeits, and an order that all assets in Defaulting Defendants' financial accounts operated by AliExpress as well as any newly identified accounts be transferred to Plaintiff.

### A. Copyright Infringement

To properly plead a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007).

Here, Plaintiff owns the registered copyright in the Copyrighted Work. Plaintiff alleged in the Complaint that the Copyrighted Work has been infringed. Complaint [1] at ¶¶ 49-60. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008).  While the issue of infringement is factual and should be presumed based upon the pleading, (See Fed. R. Civ. P. 8(b)(6)), a comparison of the

Copyrighted Work (DCK 1-1 and 1-2) to the Infringing Products (DCK 1-3 to 1-20) with a focus on the black "Y-Shaped" stripes.

Similar to a unique finger print, the Copyrighted Work features a black "Y-Shaped" stripe directly below the eye, an upside down black "Y-Shaped" stripe above the shoulder, two solid black strips and two black "Y-Shaped" strips on its neck. Each of the accused photos displays these same features. The combination of these similarities is a strong evidence of copying as these patterns are not a feature present in other renderings of zebras. Accordingly, Plaintiff requests entry of judgment with respect to Count I for copyright infringement against the Defaulting Defendants.

### B. False Advertising under 15 U.S.C. §1125(a)(1)(B)

Defendants' unauthorized use of Plaintiff's images and images of Plaintiff's Copyrighted Work in connection with the advertising and sale of Defendant's infringing Products falsely suggests to consumers that, in response to a purchase order made through the Defendants' webstores, they will be supplied with Plaintiff's products or the parties are somehow related or affiliated.

The Lanham Act, 15 U.S.C. §1125(a)(1)(B), provides:

(1)    Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6). Accordingly, Plaintiff requests entry of judgment with respect to Count II for false advertising under the Lanham Act 15 U.S.C. §1125(a)(1)(B) against the Defaulting Defendants.

### C.  Trade Dress Infringement under 15 U.S.C. §1125(a)(1)(A)

The trade dress of the Copyright Work inherently distinctive, or alternatively by virtue of its longstanding sales and advertising, Plaintiff has established secondary meaning in trade dress of its Copyrighted Work.  The Defendants' sale of Infringing Products that appear the same or appear highly similar to Plaintiff's Copyrighted Work is likely to cause confusion among consumers and constitutes an infringement of Plaintiff's trade dress under 15 U.S.C. 1125(a). *Id*. at ¶¶ 67 and 69.

The Lanham Act, 15 U.S.C. §1125 (a)(1)(A), provides:

(1)     Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,….

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

The Plaintiff and Defendants are direct competitors in the market for inflatable zebras, and Plaintiff has been damaged by Defendants' infringement of Plaintiffs trade dress. *Id*. at ¶¶ 70-71.

Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6). Accordingly, Plaintiff requests entry of judgment with respect to Count III for trade dress infringement under the Lanham Act 15 U.S.C. §1125(a)(1)(A) against the Defaulting Defendants.

### D.  Civil Conspiracy

Defendants knowingly and voluntarily entered into a common scheme and agreement to engage in a combination of unlawful acts and misconduct including, without limitation, a concerted and collaborated effort to maintain the distribution, marketing, advertising, shipping, offer for sale, or sale of products that infringing the Plaintiff's Copyrighted Work and trade dress and constating false adverting under the Lanham Act.  *Id.* at ¶¶ 33-44 and 75.

Defendants obtained the infringed product from the same source and responded similarly to Plaintiff's notice.  These concerted and collaborated effort indicate that the Defendants conspired for accomplishing unlawful actions, including copyright infringement, trade dress infringement, and false advertising that resulted in harm and damages to the Plaintiff.

Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6). Accordingly, Plaintiff requests entry of judgment with respect to Count IV for civil conspiracy against the Defaulting Defendants.

### III.    LEGAL FRAMEWORK FOR DAMAGES AWARDS AFTER DEFAULT

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See* Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing Ryan, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party."S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. CGI Finance, Inc., v. Johnson, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151, at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)."A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported

by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to… determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See*, *e.g*., *Mongue v. Portofino Ristorante,* 751 F. Supp. 2d 789, 795 (D. Md. 2010)*.*

### A. Statutory Damages in Copyright Cases

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)(1), a plaintiff in a case involving the use of a copyright infringement may elect to receive "not less than $750 or more than $30,000 as the court considers just."

Count I of the Complaint sets forth Jet Creations claims that Defendants are liable for copyright infringement. (ECF No. 1.) "To establish copyright infringement liability, a plaintiff must prove two elements: (1) ownership of the copyright; and (2) copying of original constituent elements by the defendant." *Malibu Media*, *LLC v. Redacted*, No. DKC-15-0750, 2016 WL 3668034, at *2 (D. Md. July 11, 2016) (citing 17 U.S.C. § 501(a) and *Feist Publ'ns*, *Inc*. *v. Rural Tel*. *Serv*. *Co*., 499 U.S. 340, 361 (1991)). "[T]he Copyright Act does not require that the infringer know that he is infringing or that his conduct amount to a willful violation of the copyright owner's rights." *CoStar Grp*., *Inc. v. LoopNet*, *Inc*., 373 F.3d 544, 549 (4th Cir. 2004) (noting that while copyright infringement is a strict liability tort" it nonetheless requires conduct by a person who causes in some meaningful way an infringement").

Under the Copyright Act, as amended, "the Supreme Court has found that the statutory damages provision of the Copyright Act does 'not merely compel [ ] restitution of profit and reparation for injury but also is designed to discourage wrongful conduct.' " *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 442 (4th Cir. 2011) (citing *E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 278 (5th Cir. 2002) (quoting *Woolworth*, 344 U.S. at 233, 73 S.Ct. 222)). The Supreme Court did not stop at discouragement, as, in *Feltner* it said, "an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and *punishment.* " *Feltner v. Columbia Pictures Television, Inc.* 106 F.3d 284 (1998) (emphasis added) (additional citations omitted).

Under the Copyright Act, an infringer can be held liable for either actual damages and profits, or statutory damages. 17 U.S.C. § 504(a); *see X-It Prods., LLC v. Walter Kidde Portable Equip., Inc.,* 227 F.Supp.2d 494, 527-28 (E.D. Va. 2002) (discussing statutory damages as an alternative to actual damages and profits). In cases of willful infringement, the Court may award as much as $150,000 in statutory damages. 17 U.S.C. § 504(c)(2). The Copyright Act affords courts discretion in determining the proper amount of statutory damages. *EMI Apr. Music, Inc. v. White,* 618 F.Supp.2d 497, 508 (E.D. Va. 2009) *see Spencer v. Yellowcabservices.com, LLC,* No. 1:20cv368 (AJT/TCB), 2020 WL 13200117, at *5 (E.D. Va. Nov. 19, 2020) (awarding enhanced statutory damages of $25,000 to "remediate [plaintiff's] harm and help deter future infringement").

The amount of statutory damages awarded to a plaintiff within the range provided does not depend on actual damages. Courts have held that even where there are no actual damages, or only nominal damages to the plaintiff, a plaintiff may nevertheless recover

13

enhanced statutory damages because of the difficulty in proving actual damages and the policy favoring deterrence of infringement. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332 (9th Cir. 1990) (statutory damages appropriate regardless of proof of actual damages or defendant's profits); *Wilson Corp. v. Tierra Computer, Inc.*,184 F. Supp. 2d 1329, 1333 (N.D. Ga. 2001) (rejecting defendant's argument that plaintiff must prove actual damages before it can recover statutory damages); *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc.*, 74 F.3d 488, 496 (4th Cir. 1996) (upholding an award of maximum statutory damages in a case where the defendant argued that the statutory damages must bear some reasonable relationship to the amount of actual damage and should not amount to a wind fall or punishment); *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 234, 73 S.Ct. 222, 226, 97 L.Ed. 276 (1952) (holding that recovery is not limited to gross profit from infringement; court may consider all facts); *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir.1991) (holding that court may consider several factors in awarding damages under copyright Act, including deterrence and circumstances of infringement).

### B. Willfulness in Copyright Claims

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)(2), when the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

A court may infer that a defendant's infringement is willful from the defendant's failure to defend. *See Tiffany*, 282 F. Supp. 2d at 124 ("By virtue of the default, the [defaulting party's] infringement is deemed willful*."). Derek Andrew, Inc. v. Poof*

*Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("All factual allegations in the complaint are deemed true, including the allegation of [defendants'] willful infringement . . . ."); *Autodesk, Inc. v. Flores*, No. 10-CV-01917-LHK, 2011 WL 337836, at *8 (N.D. Cal. Jan 31, 2011) (slip copy) ("Willfulness may also be inferred or admitted based on a defendant's failure to defend.").

A significant consideration should be whether infringing sales were made over the internet, the rationale being that sales over the internet increases the amount of an award because use of the internet made the infringement widely available.

## IV.     PLAINTIFF'S CLAIM FOR DAMAGES AND FEES AND COSTS

As prefaced above, Plaintiff seeks damages for its Copyright Act claim, and in particular $15,000 in statutory damages from each Defendant pursuant to 17 U.S.C. § 504(c)(1), an additional $10,000 from each Defendant in enhanced damages, pursuant to 17 U.S.C. § 504(c)(2) and its reasonable attorney fees and costs.

### A.  Plaintiff's $15,000 Request for Statutory Damages is Appropriate.

In these circumstances seek an award of 15,000 against each Defendant.  This amount is jastified in view of the fact that Defendants were directly competing against Plaintiff for sales of the zebra products using the same exact product that was copyrighted by Plaintiff. Moreover, as illustrated in Table 1 below, which lists the selling prices extracted from the DCK 1-2 to 1-20, the prices listed by Defendants were substantially less than Plaintiff's listed price.

| Host | Retailer or Wholesler | List price | Support |
|------|------------------------|------------|---------|
|      |                        |            |         |

| | | | |
|---|---|---|---|
| | Jet Creations | $ 18,95 (81cm) | DCK 1-2 |
| | Beautiful Bubble | ¥ 31.95 conversion $ 4.46 | DCK 1-3 |
| AliExpress | Qianshan County Yingzhe Trading Co., Ltd | $2.31 (81cm) | DCK 1-4 |
| AliExpress | Dream Theme Party Store | $12.39 (81cm) | DCK-1-5 |
| AliExpress | Junhua City Leyan Trading Co., Ltd. | $10.34 (81cm) | DCk 1-6 |
| AliExpress | Qianshan County Yingzhe Trading Co., Ltd | $3.91 (81cm) | DCK 1-7 |
| AliExpress | Xixi Party Store | $11.33 (81cm) | DCK-1-8 |
| AliExpress | Dongyang Baozhi Toys Factory | ¥31.95 conversion $4.46 | DCK 1-9 |
| | Zhejiang Weilong Plastic Products Co., Ltd | ¥20-66 Conversion  $2.79-9.22 | DCK 1-10 |
| | Ledou Ballon Xinda | ¥ 31 conversion $ 4.33 | DCK 1-11 |
| | Wuling Distict Xinda | ¥ 17-39 Converstion  $2.37-5.45 | DCK 1-12 |
| | Xunyang District Feier Department Store Business Department | ¥ 17.50-35 Conversion  $2.44-4.89 | DCK 1-13 |
| | Jinhua Qixin Trading Co., Ltd | ¥ 5.50-47.50 Conversion  $0.77-6.63 | DCK 1-14 |
| AliExpress | Taiyuan Xinyian Information Technology Co., Ltd. | $ 10.76 | DCK 1-15 |
| AliExpress | Taiyuan Aoxuan Trading Co., Ltd | $11.18 | DCK 1-16 |
| AliExpress | Shanghai Yi Chen Industrial Co., Ltd (Minimlist Living Store) | $ 9.98 (81cm) | DCK 1-17 |
| AliExpress | Taiyuan Qulite Information Technology Co., Ltd. 9H Baby Store) | $16.57 | DCK 1-18 |
| AliExpress | Guangzhou Biedi Trading Co., Ltd (Shop 1102664074 Store)4.43 (81cm) | $11.03 | DCK 1-19 |
| AliExpress | Yongkang Shikasuo Electronic Commerce Co., Ltd | $4.42 (81cm) | DCK 1-20 |

In addition, Plaintiff has been selling the Copyrighted Work since 1998. DCK 1-1.

Upon Defendant's Infringing Products' entry into the same market as the Plaintiff's, the

Infringing Product's significant lower prices adversely impact the Plaintiff's sale of the

Copyrighted Work. When the total extent of damages cannot be ascertained, as Defendants have failed to participate in this litigation, the effect of Defendants' infringing conduct has been to siphon off sales from Plaintiff was considered in *Sweet People Apparel, Inc. v. Zipper Clothing,* Case No. CV 12-02759-ODW(CWx). (C.D. Cal. May 31, 2012) Finding that the statutory damages requested by Plaintiffs bear a "plausible relationship" to Defendants' infringing activities and the profits Defendants may have realized from those activities. *See also Coach, Inc. v. Diana Fashion*, No. 11-2315 SC, 2011 WL 6182332, at *5 (N.D. Cal. Dec. 13, 2011).

### B. An Award of $10,000 for Willful Infringement is Appropriate

Plaintiff also seeks an additional award of $10,000 from each Defendant because the infringement was willful. In addition to the inference that the infringement was willful because Defendants failed to defend in the action. Other behaviors by the Defendants also support the finding.

In these circumstances that Defendants were provided with notification letters that their products were infringing and each consciously and deliberately decided to continue the use of Plaintiff's design without Plaintiff's permission for profit. Complaint [1] at ¶¶ 40-42. See *Superior Form Builders v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496–497 (4th Cir. 1996) (recognizing and any factor which the jury believes evidences the defendants knew, had reason to know, or recklessly disregarded the fact that its conduct constituted copyright infringement is an aggravating factor). The Defendants responded to Plaintiff's notice letter with similar letters that denied that the products that they were selling were infringing. *Id*. at ¶¶ 40-42. Finally, each of the Defendants are

merchants selling product on the Internet, and as merchants they knew or should have known that such works are subject to copyright protection.

### C.  Plaintiff is entitled to a Permanent Injunction Relief

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's Copyrighted Work, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO.  Plaintiff is also entitled to injunctive relief so Plaintiff can take action against any new websites and online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling infringing Products.

### CONCLUSION

Plaintiff respectfully requests that the court enter default judgment against each Defaulting Defendant, award the statutory damages in the amount of twenty-five thousand dollars ($25,000) per Defaulting Defendant pursuant to 17 U.S.C. § 504(c)(2), and enter a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products and transferring all assets in Defaulting Defendants' financial accounts operated by AliExpress, Alibaba, Amazon, Taobao, and 1688.com to Plaintiff.

July 25, 2025

                                          Respectfully Submitted,

                                          /s/ *Justin King*
                                          Justin King, Esq.  Bar Number
                                          WPAT, PC
                                          8230 Boone Blvd., Suite 405
                                          Vienna, VA 22182

(703) 639-0151
jking@wpat.com

Andrew C. Aitken
6701 Democracy Blvd., Suite 555
Bethesda, MD 20817
acaitken@aitkenlawoffices.com

*Attorneys for Jet Creations, Inc.*