IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JET CREATIONS, INC., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-24-1340 |
| ZHEJIANG WEILONG PLASTIC | * | |
| PRODUCTS CO., LTD., et al., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is Plaintiff Jet Creations, Inc.'s ("Jet Creations") Motion for Default Judgment. (ECF No. 146.) No hearing is required. *See* Local Rule 105.6. For the reasons that follow, the Motion will be granted in part and denied in part.

### I.   *Background*

Plaintiff is a Virginia corporation that sells inflatable toys and that owns the copyright for a "three dimensional sculpture" of a zebra, U.S. Reg. No. VA-940-547. (ECF No. 1 ¶¶ 5, 22; ECF No. 1-1.) Plaintiff alleges that it has sold the zebra since 1998, and that it sells it on various online sites and in brick-and-mortar stores. (ECF No. 1 ¶¶ 24, 27.) Plaintiff initially brought suit against fifteen Defendants, and twelve now remain:[1] Zhejiang Weilong Plastic Products Co., Ltd.; Dongyang Baozhi Toys Factory; Jinhua Qixin Trading Co., Ltd.; Junhua City Leyan Trading Co., Ltd.; Qianshan County Hanying Trading Co., Ltd.; Qianshan County Yingzhe Trading Co., Ltd.; Taiyuan Aoxuan Trading Co., Ltd.; Taiyuan Qulite Information Technology Co., Ltd.; Taiyuan Xinyian Information Technology Co., Ltd.; Wuling District Xinda Balloon Business Department;

---

[1] Plaintiff has voluntarily dismissed three Defendants: Beautiful Bubble Online Store; Guangzhou Biedi Trading Co., Ltd.; and Shanghai Yi Chen Industrial Co., Ltd.

Xunyang District Feier Department Store Business Department; and Yongkang Shikasuo
Electronic Commerce Co., Ltd. (*See generally id.*) Defendants are several companies registered
in China that operate webstores that allegedly target United States customers. (*Id.* ¶¶ 6–21, 29.)
Plaintiff alleges that "[e]ach of the Defendants operates similar webstores that offer counterfeit
products, infringing products, and/or derivative products of Plaintiff's copyrighted work." (*Id.* ¶
6.)

Plaintiff alleges that "Defendant Weilong had manufactured Plaintiff's copyrighted
inflatable zebra on behalf of the Plaintiff before March 2022 and has knowledge of Plaintiff's
Copyrighted Work and Plaintiffs' [*sic*] exclusive rights in the product." (*Id.* ¶ 34.) Plaintiff alleges
that after it "terminated its manufacturing relationship with Defendant Weilong . . . Weilong has
continued to manufacture the Copyrighted Work and sells and distributes infringing inflatable
zebra products to third parties including the Defendants." (*Id.* ¶ 35.) Plaintiff also alleges that it
"sent notices to Defendants via AliBaba (which owns Alibaba Express), Taobao and 1688.com,
each which host Defendants' webstores" and that "[i]n response to the notices, none of the
Defendants admitted wrongdoing, and continued selling the counterfeit over the retail channels."
(*Id.* ¶¶ 40–41.) Plaintiff alleges that "Defendants replied with similar responses and alleged the
counterfeit products were lawfully obtained from Defendant Weilong." (*Id.* ¶ 40.)

Plaintiff brought the following claims: Copyright Infringement in Violation of 17 U.S.C.
§§ 106, 501(a) (Count I); False Advertising under 15 U.S.C. § 1125(a)(1)(B) (Count II); Trade
Dress Infringement under § 43(a)(1)(A) of the Lanham Act, 15 U.S.C §1125(a)(1)(A) (Count III);
and Civil Conspiracy (Count IV). (*Id.* ¶¶ 49–77.)

Plaintiff filed a motion seeking a temporary restraining order ("TRO"), which the Court
granted in part. (ECF Nos. 5, 15, 16.)

Plaintiff served the Defendants under the Hague Service Convention Protocol. (*See* ECF Nos. 20, 22, 25–38, 41.) Defendants have not filed answers or otherwise appeared in this case. Plaintiff sought entries of default against the Defendants, which were granted. (ECF Nos. 74–112.) Plaintiff now seeks default judgments against the twelve remaining Defendants. (ECF No. 146.)

## II.  Legal Standard

After entry of default under Federal Rule of Civil Procedure 55(a), a party may move for default judgment. Entry of default against a defendant does not alone entitle a plaintiff to judgment as of right:

> "The defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact . . . [but] is not held . . . to admit conclusions of law. In short, . . . a default is not treated as an absolute confession by the defendant of [its] liability and of the plaintiff's right to recover." The court must . . . determine whether the [conceded facts] support the relief sought in [the] action.

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "In the Fourth Circuit, district courts analyzing default judgments have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are 'well-pleaded.'" *Vasquez-Padilla v. Medco Props., LLC*, Civ. No. PX-16-3740, 2017 WL 4747063, at *2 (D. Md. Oct. 20, 2017) (collecting cases).

While a plaintiff's factual allegations are deemed admitted, allegations relating to the amount of damages are not deemed admitted based on a defendant's failure to respond to a suit. *Meade Communities, LLC v. Whitaker*, Civ. No. ELH-22-2381, 2023 WL 2914787, at *2 (D. Md. Apr. 11, 2023). Instead:

> the Court must make an independent determination regarding allegations as to

3

damages. In so doing, the court may conduct an evidentiary hearing. However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages.

*Id.* at *3.

### III.    *Analysis*

#### A. Personal Jurisdiction[2]

To establish personal jurisdiction over the Defendants, a plaintiff must show either:

(1) a State's *general* jurisdiction over the defendant by demonstrating the defendant's continuous and systematic contact with the State; (2) a State's *specific* jurisdiction over the defendant by demonstrating that the defendant purposely established minimum contacts in the forum state such that it should reasonably anticipate being haled into court there on a claim arising out of those contacts; or (3) Rule 4(k)(2) jurisdiction by demonstrating that no State can exercise personal jurisdiction over the defendant and that the defendant has sufficient contacts with the United States such that exercising jurisdiction over the defendant would be consistent with the U.S. Constitution and laws.

*Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018) (emphasis in original). This case involves the third type of personal jurisdiction pursuant to Rule 4(k)(2). A plaintiff seeking to invoke Rule 4(k)(2) must show that: "(1) the claim 'arise[s] under federal law;' (2) the defendant is 'not subject to the jurisdiction of the courts of general jurisdiction of any state;' and (3) the court's exercise of jurisdiction would be 'consistent with the Constitution and laws of the United States.'" *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 215 (4th Cir. 2002) (quoting Fed. R. Civ. P. 4(k)(2)). "This . . . state of affairs arises when a foreign entity purposefully avails itself of the protection of U.S. law by directing activity towards the country at large, but, because contact is divided by 50, does not reach

---

[2] Plaintiff appears to conflate subject matter jurisdiction with personal jurisdiction. (*See* ECF No. 146-1 at 5–6 (explaining that the Court has subject matter jurisdiction pursuant to the Copyright Act and that "[a]lternatively, the Court also has long-arm jurisdiction over the Defendants" pursuant to Rule 4(k)(2)).) While the Court is satisfied that it has subject matter jurisdiction over the claims in this case, it must also examine whether it has personal jurisdiction over the Defendants. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.").

a jurisdictional level of contact with any individual state. The rule is particularly well suited to website cases such as this one. Rare is the non-U.S. website that vigorously pursues customers in only a single state; many do not even acknowledge the existence of individual states." *Silver Ring Splint Co. v. Digispint, Inc.*, Civ. No. 3:06-00065, 2007 WL 1052488, at *3 (W.D. Va. Apr. 5, 2007).

Of particular relevance here, the Fourth Circuit has explained that a defendant's online activity can serve as a basis for exercising personal jurisdiction if the defendant "(1) directs electronic activity into the [forum], (2) with the manifested intent of engaging in business or other interactions within the [forum], and (3) that activity creates, in a person within the [forum], a potential cause of action cognizable in the [forum]'s courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002).

Examining each of the Defendants in turn, Plaintiff has sufficiently alleged facts to establish this Court's personal jurisdiction over certain Defendants. In particular, Plaintiff has provided documents that reflect that these Defendants ship the product into the United States and that they offer the product in U.S. dollars: Qianshan County Yingzhe Trading Co., Ltd. (ECF Nos. 1-4, 1-7, 1-8); Junhua City Leyan Trading Co., Ltd. (ECF Nos. 1-5, 1-6); Taiyuan Xinyian Information Technology Co., Ltd. (ECF No. 1-15); Taiyuan Aoxuan Trading Co., Ltd. (ECF No. 1-16); Taiyuan Qulite Information Technology Co., Ltd. (ECF No. 1-18); and Yongkang Shikasuo Electronic Commerce Co., Ltd. (ECF No. 1-20). Plaintiff also sufficiently alleges jurisdiction over Wuling District Xinda Balloon Business Department, given that it too ships to the United States (although the Court notes that the prices are not reflected in U.S. dollars). (ECF Nos. 1-11, 1-12; ECF Nos. 11-3, 11-4.)

The Court recognizes that Plaintiff's allegations are not as strong as the facts in certain other cases in which courts have found the existence of personal jurisdiction based upon internet-

selling activity. *See, e.g., Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 598 (E.D. Va. 2003) (finding personal jurisdiction over defendants where the website "provide[d] specific ordering information for United States customers"; "[n]o other countries apart from the United States and Canada are mentioned by name on the ordering information page"; "the prices for the products are listed in dollars, presumably United States dollars"; "three of the six testimonials are purportedly from United States citizens"; the promotional text refers to "American citizens"; and the defendant "shipp[ed] his materials to the two Virginia residents mentioned in the record"); *Automobili Lamborghini S.P.A. v. Lamborghini Latino Am. USA*, 400 F. Supp. 3d 471, 474 (E.D. Va. 2019) (findings sufficient contacts with the United States as a whole where, *inter alia*, the relevant "website specifically targeted the United States market" and "the only confirmed sales [] through the website were to purchasers in the United States"). However, the Court concludes that, at this stage of the litigation, when Defendants have not appeared in the case and where Plaintiff is without discovery and sales information is within the knowledge of the Defendants, Plaintiff has sufficiently alleged the existence of this Court's personal jurisdiction over the Defendants.

There are several other Defendants for which Plaintiff's allegations do not sufficiently establish personal jurisdiction. For these Defendants, the documents provided by Plaintiff do not reflect United States shipping options, or the option to purchase the items in U.S. dollars. Rather, the price is shown in renminbi (¥) and no United States shipping options are reflected. Those Defendants are: Dongyang Baozhi Toys Factory (ECF No. 1-9); Zhejiang Weilong Plastic Products Co., Ltd. (ECF No. 1-10); Xunyang District Feier Department Store Business Department (ECF No. 1-13); and Jinhua Qixin Trading Co., Ltd. (ECF No. 1-14). There is one Defendant for which Plaintiff provided no documentation, Qianshan County Hanying Trading Co., Ltd. Without any evidence that these Defendants operate in the U.S. market, the Court cannot properly exercise

personal jurisdiction over that Defendant, and Plaintiff does not cite authority that would suggest that exercising personal jurisdiction over these Defendants is appropriate.[3]

Thus, the Court concludes that the case may proceed as to only the following Defendants: Qianshan County Yingzhe Trading Co., Ltd.; Junhua City Leyan Trading Co., Ltd.; Taiyuan Xinyian Information Technology Co., Ltd.; Taiyuan Aoxuan Trading Co., Ltd.; Taiyuan Qulite Information Technology Co., Ltd.; Yongkang Shikasuo Electronic Commerce Co., Ltd.; and Wuling District Xinda Balloon Business Department.

### B. Copyright Infringement Claim

Plaintiff has sufficiently alleged facts to establish copyright infringement for purposes of the pending Motion. 17 U.S.C. § 106 provides that "the owner of copyright under this title has the exclusive rights to do and to authorize," *inter alia*, the reproduction and sale of the copyrighted work. 17 U.S.C. § 501(a) provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright[.]" And "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

"A certificate of registration issued by the Copyright Office is 'prima facie evidence of the validity of the copyright and of the facts stated in the certificate,' such as ownership." *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010) (citing 17 U.S.C. § 410(c)). In addition, copyright ownership requires "proof of originality and

---

[3] The Court concluded as much at the TRO stage of this case. (*See* ECF Nos. 15, 16.) During the TRO hearing, Plaintiff was not prepared to provide additional information evidencing whether the Court had personal jurisdiction over these Defendants. Plaintiff indicated at the time that it may supplement its pleading in the future, but never did so, and Plaintiff does not correct this deficiency in its briefing.

copyrightability." *Darden v. Peters*, 488 F.3d 277, 285 (4th Cir. 2007) (citation and quotations

omitted).

> Original, as the term is used in copyright, means only that the work was
> independently created by the author (as opposed to copied from other works), and
> that it possesses at least some minimal degree of creativity. To be sure, the requisite
> level of creativity is extremely low; even a slight amount will suffice. The vast
> majority of works make the grade quite easily, as they possess some creative spark,
> no matter how crude, humble or obvious it might be.

*Feist Publ'ns*, 499 U.S. at 345 (citation and quotations omitted). With respect to depictions of

animals, this Court has explained that:

> [W]hen works contain realistic depictions of animals or other naturally occurring
> items, the scope of the copyright protection for the work may be limited because
> the features and behavior of animals in nature are part of the public domain.
> Realistic sculptures of animals are still copyrightable if they represent the author's
> creative work, but direct copies or casts of animals are not. The thin copyright in
> such works means that only exact or nearly exact copies may constitute
> infringement.

*Billco Int'l, Inc. v. Charles Prods., Inc.*, 776 F. Supp. 2d 105, 114–15 (D. Md. 2011) (citations

omitted).

Here, Plaintiff has a Certificate of Registration registering the three-dimensional zebra

sculpture. (*See* ECF No. 1-1.) This is prima facie evidence of Plaintiff's ownership of the

copyright. Further, the zebra sculpture appears to be sufficiently original, considering the low bar

required for originality under copyright laws. The sculpture is not a direct copy or cast of an

animal, but rather reflects some artistic license. *See Superior Form Builders, Inc. v. Dan Chase

Taxidermy Supply Co.*, 74 F.3d 488, 492 (4th Cir. 1996) ("[A]n animal sculpture, even if realistic,

is copyrightable as long as the work represents the author's creative effort."). With respect to

Defendants' alleged copying of the work, the likely copying is apparent by comparing the photos

of Plaintiff's product with Defendants'. (*Compare* ECF No. 1-2 (Plaintiff's zebra) *with* ECF Nos.

1-3–1-20 (Defendants' zebras).)

8

Accordingly, the Court will enter default judgment in favor of Plaintiffs with respect to their copyright infringement claim against those Defendants over which the Court has personal jurisdiction.

### C. Additional Claims

Plaintiff fails to carry its burden with respect to the remaining claims, and the Court will deny the pending Motion with respect to those claims. In any event, Plaintiff seeks damages and other relief with respect to only the copyright claim.

The Court first addresses the false advertising claim. "The federal Lanham Act creates a private right of action for corporate victims of 'false or misleading' descriptions or representations." *In re GNC Corp.*, 789 F.3d 505, 514 (4th Cir. 2015) (quoting 15 U.S.C. § 1125(a)).

> Courts uniformly interpret "false or misleading" as creating two different theories of recovery in a false advertising claim: A plaintiff must allege either (i) that the challenged representation is literally false or (ii) that it is literally true but nevertheless misleading. A Lanham Act plaintiff arguing that a representation is misleading must produce extrinsic evidence of actual consumer confusion—it is not enough for a court to determine after the fact that a representation could have misled hypothetical consumers. However, a plaintiff arguing literal falsity need not produce such evidence. If a representation is false, we assume as a matter of law that it is also misleading.

*Id.* (citations omitted). In its brief, Plaintiff argues that "Defendants' unauthorized use of Plaintiff's images and images of Plaintiff's Copyrighted Work in connection with the advertising and sale of Defendant's infringing Products falsely suggests to consumers that, in response to a purchase order made through the Defendants' webstores, they will be supplied with Plaintiff's products or the parties are somehow related or affiliated." (ECF No. 146-1 at 8.) Plaintiff then cites to the text of the Lanham act and states that "the Court must accept the allegations contained in Plaintiff's Complaint as true." (ECF No. 146-1 at 9.) Plaintiff makes essentially no other

argument. (*See id.* at 8–9.) This is insufficient to carry Plaintiff's burden with respect to the Lanham Act violation.

Even if the Court were to incorporate Plaintiff's arguments from its TRO briefing into the Motion now pending before the Court, the Court remains unconvinced. There, Plaintiff argued that the advertising suggests "that the website owner is the origin of the product design" based on statements in the advertising such as "Doyin's new product" and "Xiaohongshu['s] children's cartoon inflatable." (ECF No. 5 at 13–14.) This reading of those statements is a stretch, and is not compelling. These statements do not suggest that these companies created the zebra; they simply reflect that these companies are selling it. Plaintiff also argued that the Defendants have made false statements based on their omission of any reference to Plaintiff in its advertising. The Court is not convinced that this renders the advertising false or misleading, and Plaintiff cites no allegations or authority to the contrary.

With respect to its trade dress infringement claim, Plaintiff's briefing is likewise deficient. Plaintiff cites only to the relevant portion of the Lanham Act and explains that "[s]ince the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true." (ECF No. 146-1 at 9–10.)

In any event, "[w]hen the claim is more accurately conceived of as attacking unauthorized copying, [*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 23 (2003)] requires us to avoid recognizing a 'species of mutant copyright law' by making such claims cognizable under the Lanham Act." *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1250 (9th Cir. 2017). Here, it appears that Plaintiff's claim is more properly brought as a copyright infringement claim (as discussed above), rather than a Lanham Act trade dress claim. Plaintiff has not cited any authority that suggests otherwise.

10

Finally, as with the two above claims, Plaintiff fails to carry its burden with respect to the civil conspiracy claim. Plaintiff does not cite *any* authority with respect to that claim, and makes various conclusory statements regarding the same. Under Maryland law, civil conspiracy is a "combination of two or more persons by an agreement or understanding to accomplish an unlawful act or use unlawful means to accomplish an unlawful act not in itself illegal, with the further requirement that the act or means must result in damages to the plaintiff." *Hoffman v. Stamper*, 867 A.2d 276, 290 (Md. 2005) (citation and internal quotation marks omitted). In a civil conspiracy case, "[a] plaintiff must establish a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Cavalier Mobile Homes, Inc. v. Liberty Homes, Inc.*, 454 A.2d 367, 372 (Md. Ct. Spec. App. 1983) (citation and quotations omitted). Here, Plaintiff's allegations with respect to the conspiracy essentially are that the Defendants are all selling Plaintiff's product, and Plaintiff's brief cites no authority that would allow the Court to conclude that Defendants' conduct rises to the level of a civil conspiracy.

Thus, the Court will not enter default judgment against the Defendants with respect to these three claims.

### D. Relief

The Court next analyzes Plaintiff's requested relief. As explained above, while a plaintiff's factual allegations are deemed admitted, allegations relating to the amount of damages are not deemed admitted based on a defendant's failure to respond to a suit. *Meade Communities, LLC*, 2023 WL 2914787, at *2. Rather, the Court "make[s] an independent determination regarding allegations as to damages" based upon either a hearing or the record. *Id.* at *3.

#### 1. Damages

Plaintiff seeks $15,000 in statutory damages from each Defendant pursuant to 17 U.S.C. § 504(c)(1) and an additional $10,000 from each Defendant in enhanced damages, pursuant to 17

U.S.C. § 504(c)(2). (*See* ECF No. 146-1 at 15.) Plaintiff will be awarded a total of $1,000 in

damages against each of the Defendants over which the Court has personal jurisdiction, for a total

of $7,000 in statutory damages.

> As provided in 17 U.S.C. § 504(c):
>
> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.
> . . .

With respect to a finding of willfulness, "[c]ourts have determined that an award of enhanced

damages under § 504(c)(2) is only appropriate when the plaintiff shows the infringer either had

actual knowledge that it was infringing the owner's copyrights or acted in reckless disregard of

those rights." *Malibu Media, LLC v. Redacted*, Civ. No. DKC 15-0750, 2016 WL 3668034, at *2

(D. Md. July 11, 2016) (citation and internal quotation marks omitted).

Further, "the Supreme Court has found that the statutory damages provision of the

Copyright Act does not merely compel restitution of profit and reparation for injury but also is

designed to discourage wrongful conduct." *Newport News Holdings Corp. v. Virtual City Vision,*

*Inc.*, 650 F.3d 423, 442 (4th Cir. 2011) (citation, internal quotation marks, and alterations omitted).

"The court has broad discretion in setting the amount of statutory damages under the Copyright

Act." *Malibu Media, LLC v. [Redacted]*, Civ. No. PWG-14-261, 2017 WL 633315, at *2 (D. Md.

Feb. 15, 2017). And "[u]nlike actual damages, statutory damages are not tethered to concrete

figures like lost profits or incurred expenses." *Sony Music Ent. v. Cox Commc'ns, Inc.*, 93 F.4th 222, 237 (4th Cir. 2024).

"The determination of statutory damages within the applicable limits may turn on such factors as the expenses saved and the profits reaped by the defendant in connection with the infringement; the revenues lost by the plaintiff as a result of the defendant's conduct; and the state of mind of the defendant, whether willful, knowing, or innocent." *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 406 (D. Md. 2006); *see also Broad. Music, Inc. v. Acapulco, Inc.*, Civ. No. 22-147, 2024 WL 1181877, at *3 (E.D. Va. Mar. 19, 2024) ("[C]ourts within the Fourth Circuit consider several factors when awarding statutory damages including: (1) the expenses saved and the profits earned by the defendant in connection with infringement, (2) revenues lost to the plaintiff, (3) the willfulness of the infringement, (4) the conduct of the parties, and (5) the deterrent effect on the defendant.").

Here, Plaintiff fails to establish willfulness. Plaintiff points to three reasons why it has sufficiently alleged willfulness. First, Plaintiff explains that Defendants' default in and of itself indicates willfulness, and Plaintiff cites to out-of-circuit authority in support of that proposition. (ECF No. 146-1 at 14–15.) However, "within the Fourth Circuit, the support for inferring willful infringement solely by virtue of a defendant's default 'is very thin.'" *Michael Grecco Prods., Inc. v. Black Connections LLC*, Civ. 23-516, 2025 WL 1646775, at *9 (E.D. Va. June 10, 2025). The Court finds this within-Circuit precedent persuasive, and Plaintiff provides no compelling reason to deviate from it. Second, Plaintiff argues that "each of the Defendants are merchants selling product on the Internet, and as merchants they knew or should have known that such works are subject to copyright protection." (ECF No. 146-1 at 17–18.) Plaintiff does not explain why this raises an inference of willfulness, and cites to no authority supporting that proposition. Finally, Plaintiff argues that, because Defendants were provided with notice of the infringing activity, their

behavior was willful. (ECF No. 146-1 at 17.) However, Plaintiff alleges in the Complaint only that "Plaintiff sent notices to Defendants via AliBaba (which owns Alibaba Express), Taobao and 1688.com, each which host Defendants' webstores" and that "[i]n response to the notices, none of the Defendants admitted wrongdoing, and continued selling the counterfeit over the retail channels. Defendants replied with similar responses and alleged the counterfeit products were lawfully obtained from Defendant Weilong." (ECF No. 1 ¶¶ 40–41.) The Court cannot infer willfulness based upon these allegations alone, which actually suggest that Defendants believed the products were lawfully obtained.

Further, Plaintiff provides little to support its statutory damages request. Other than its arguments regarding willfulness, Plaintiff's only support for its damages request is that Plaintiff simply states that it has been selling the zebra since 1998 and that the Defendants' sale of the zebra at "significant [sic] lower prices adversely impact[s] the Plaintiff's sale of the" zebra. (ECF No. 146-1 at 15–17.) "While [a plaintiff's] *well-plead* allegations are deemed admitted by virtue of [a defendant's] default, naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Michael Grecco Prods., Inc. v. Black Connections LLC*, Civ. No. 23-516, 2025 WL 1646775, at *11 (E.D. Va. June 10, 2025). While the Court is sympathetic that Plaintiff is without discovery from the Defendants, Plaintiff does little in its briefing to address the above-described factors that guide courts in this Circuit with respect to statutory damages requests pursuant to 17 U.S.C. § 504(c). For instance, Plaintiff does not provide its licensing fees or any estimate of lost profits. *See, e.g., Joe Hand Promotions, Inc. v. Ivanova*, Civ. No. 2-00393-RJC-DCK, 2023 WL 2940230, at *2 (W.D.N.C. Apr. 13, 2023) ("Courts within the Fourth Circuit . . . often consider an amount between two and three times the licensing fee to be an appropriate statutory deterrent for willful copyright violations.").

Because Plaintiff has largely failed to provide support for its damages request, the Court will award Plaintiff $1,000 in statutory damages against each of the seven remaining Defendants, for a total of $7,000.

### 2. Injunctive Relief

Plaintiff seeks injunctive relief. As another Court in this Circuit has explained:

Pursuant to 17 U.S.C. § 502(a), this Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Additionally, Rule 65(d) requires that every order granting an injunction set forth the reasons for its issuance and specifically detail its terms. In order to obtain a permanent injunction against copyright infringement:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Phelps & Associates, LLC v. Galloway,* 492 F.3d 532, 543 (4th Cir. 2007) (citing *eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) for proposition that irreparable harm is no longer presumed in such cases). Even with such a showing, "whether to grant the injunction still remains in the 'equitable discretion' of the court." *Id.*; *see Music City Music,* 616 F. Supp. at 1003; *see also Phoenix Renovation Corp. v. Rodriguez,* 461 F. Supp. 2d 411, 424 (E.D.Va. 2006).

*EMI Apr. Music, Inc. v. White,* 618 F. Supp. 497, 509 (E.D. Va. 2009).

Here, while Plaintiff seeks injunctive relief, it cites no authority or argument with respect to that request. Further, Plaintiff seeks various forms of injunctive relief against third parties, but likewise cites no authority supporting that request. In fact, in a status report filed earlier in the life of this case, Plaintiff reported that, after the Court issued the TRO, "most of the Defendants that were subject to the Order had removed the listings for the infringing inflatable zebra products." (ECF No. 18.) Thus, it is not clear why injunctive relief is appropriate, and Plaintiff has not carried its burden with respect to that request. The request for injunctive relief will be denied.

### E. Attorneys' Fees

Plaintiff states that it seeks its "its reasonable attorney fees and costs." (ECF No. 146-1 at 15.) Under the Copyright Act, the "court in its discretion may allow the recovery of full costs by or against any party," and a court may also "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505; *see also Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505 (4th Cir. 1994) (reciting the factors courts are to consider in determining whether an award of attorneys' fees is appropriate). Plaintiff provides no information or argument regarding this request, and thus no effective fee request is currently before the Court. However, Local Rule 109.2 provides that "[u]nless otherwise provided by statute, L.R. 109.2.c, or otherwise ordered by the Court, any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment." Thus, the Court will permit Plaintiff to file an appropriate Motion within fourteen days of the date of this Memorandum and Order.[4]

### IV.   *Conclusion*

For the reasons stated above, the Motion for Default Judgment (ECF No. 146) will be granted in part and denied in part in an accompanying Order. In particular, the Motion will be granted as to the Defendants over which the Court has personal jurisdiction with respect to the copyright infringement claim. Judgment will be entered in favor of the Plaintiff and against those Defendants in the amount of $1,000 against each Defendant, for a total of $7,000. The Motion will otherwise be denied. Further, Plaintiff will be directed to file an appropriate fee request.

---

[4] In compiling any fee request, Plaintiff should bear in mind that this submission and others have been deficient, and should therefore appropriately tailor its fee request.

16

DATED this ⟋ day of September, 2025.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge