IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JET CREATIONS, INC., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-24-1340 |
| ZHEJIANG WEILONG PLASTIC PRODUCTS CO., LTD., et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is Plaintiff Jet Creations, Inc.'s Motion for Attorneys' Fees. (ECF No. 150.) The background of this case is more fully laid out in the Court's prior Memorandum. (*See* ECF No. 148.) As is relevant for the pending Motion for Attorneys' Fees, the Court previously granted in part and denied in part Plaintiff's Motion for Default Judgment. (*See generally id.*) The Court directed Plaintiff to file an appropriate motion for fees. (*Id.*) For the reasons that follow, the Motion will be granted insofar as it seeks attorneys' fees and costs, but the Court will reduce the fee award to $11,447.73 (i.e., one-quarter of the requested fees) and will award the requested $1,875.40 in expenses.

### I.   *Award of Fees Under the Copyright Act*

Under the Copyright Act, the "court in its discretion may allow the recovery of full costs by or against any party," and a court may also "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In determining whether an award of attorneys' fees is appropriate, courts consider: "(1) the motivation of the parties, (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented."

*Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505 (4th Cir. 1994) (citations and internal quotation marks omitted). An award of fees is appropriate here.

With respect to the parties' motivation, "[w]hile a finding of willful infringement or bad faith on the part of the opposing party properly may be considered by the district court, the presence or absence of such motivation is not necessarily dispositive." *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 (4th Cir. 1993). Here, the Court finds that this factor weighs in favor of an award of fees. Plaintiff's motivation appears to be to protect its copyright, and Defendants' motivations have been unclear, given the posture of this case and that Defendants defaulted. *See Broad. Music, Inc. v. Acapulco, Inc.*, Civ. No. 22-147, 2024 WL 1181877, at *4 (E.D. Va. Mar. 19, 2024) ("It is clear to the Court that the plaintiffs brought this lawsuit to vindicate rights provided by Congress in the Copyright Act.").

With respect to the objective reasonableness of the legal and factual positions advanced, the Court likewise finds that this weighs in favor of an award. "The court may consider, for example, whether the positions advanced by the parties were frivolous, on the one hand, or well-grounded in law and fact, on the other." *Rosciszewski*, 1 F.3d at 234. While Plaintiff did not prevail with respect to every aspect of the case, Plaintiff's legal and factual positions have been reasonable. *See Broad. Music, Inc.*, 2024 WL 1181877, at *4 ("The objective reasonableness of their position is also obvious because the defendants failed to even respond to the suit." (citation and internal quotation marks omitted)).

Third, the need to advance consideration of compensation and deterrence also weighs in favor of an award. *See, e.g., Gomez v. Midlo Floors LLC*, Civ. No. 22-746, 2024 WL 556650, at *11 (E.D. Va. Feb. 12, 2024) ("[T]he Court finds that the need for deterrence is strong where [Plaintiff] attempted multiple times to place Defendants on notice that they had infringed his

2

copyright, and Defendants failed to respond to [Plaintiff's] notices and to the filing of this lawsuit.").

Finally, the Court does not discern any other relevant factors in this case that would sway its decision regarding whether fees are appropriate, and it addresses the appropriate amount of fees below.

## II. *Reasonable Amount of Fees*

Once the court determines that fees should be awarded, the court employs the lodestar method to assess a reasonable amount of fees. *Allora, LLC v. Cambridge Builders of Johnston Cnty., Inc.*, 532 F. App'x 349, 352 (4th Cir. 2013). Under the lodestar method, to determine a reasonable fee, the court assesses "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)). In arriving at that figure, the court considers:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243–44 (4th Cir. 2009) (citation omitted). Then, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (citation and internal quotation marks omitted). Finally, "the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (citation and internal quotation marks omitted).

3

Plaintiff seeks $47,666.34, comprised of $45,790.94 in fees and $1,875.40 in expenses. (ECF No. 150 at 8.) However, Plaintiff fails to address the twelve relevant factors, and only addresses whether counsel's billing rates themselves are reasonable in consideration of national averages. Plaintiff does so at its peril, given that it is Plaintiff's burden to establish their entitlement to fees. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award." (citation and internal quotation marks omitted)).

The Court is without any information from the Plaintiff regarding the fourth, sixth, seventh, tenth, and eleventh factors; they therefore do not factor into the Court's analysis.

With respect to the first factor, the time and labor expended, the Court has carefully reviewed the invoices provided. (*See* ECF No. 150-3.) While some of the time spent was reasonable, some was not. Plaintiff's counsel appears to have spent much time responding to or correcting its own deficiencies identified by the Court. (*See, e.g.* ECF No. 150-3 at 9 (entries totaling several thousand dollars for "[d]rafting response to Court Order"[1]).) In any event, the amount of time spent on this case as reflected in the invoices is disproportionate to the Court's assessment of the time that should have been spent.

With respect to the second factor, the novelty and difficulty of the questions raised, the Court concludes that this is a run-of-the-mill copyright claim. The legal questions were not particularly novel or complicated. While the Court acknowledges that the fact that Defendants were based in China certainly complicated the issue of service, the case as a whole was a simple one.

---

[1] The referenced "Court Order" is presumably the Court's May 21, 2024 Order in which it vacated the scheduled TRO hearing because Plaintiff had not adequately stated a basis for the Court's personal jurisdiction over the Defendants, and directed Plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction. (ECF No. 10.)

The Court analyzes the third and ninth factors together: the skill required to properly perform the legal services rendered and the experience, reputation, and ability of the attorney. Here, again, the case was simple, and the legal issues and factual circumstances were not complex. Further, the Court has been forced to point out deficiencies at several turns. (*See, e.g.,* ECF No. 10 (order vacating a TRO hearing and directing Plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction); ECF Nos. 15–16 (memorandum and order granting a TRO but only as to certain Defendants, given that Plaintiff failed to sufficiently allege the Court's personal jurisdiction); ECF Nos. 43–55 (motions filed by Plaintiff that were subsequently marked "filed in error" due to missing information from the Plaintiff); ECF Nos. 61–73 (same issue, two weeks later); ECF No. 144 (order denying motions for default judgment without prejudice due to "several infirmities with the motions"); ECF Nos. 148–49 (noting various deficiencies in Plaintiff's briefing).) Even the currently pending motion leaves much to be desired, given that it is replete with typographical errors, Plaintiff simply does not address the relevant factors for assessing the reasonableness of a fee award, and Plaintiff addresses the reasonableness of its fee award in two pages of briefing. (*See* ECF No. 150 at 8–9.)

The Court analyzes the fifth and twelfth factors together: the customary fee for like work and attorneys' fees awards in similar cases. Plaintiff has provided the hourly rates for the individuals who billed to this case: $450 for Justin King (attorney), $450 for Andrew Aitken (attorney), $300 for Steven Yu (paralegal), and $175 for T. Lau (paralegal). Plaintiff cites to nothing other than the American Intellectual Property Law Association Report of the Economic Survey from 2023 in support of these billing rates. (*See* ECF No. 150-2.) That report provides that attorneys with 25 to 34 years of experience have a mean billing rate of $610 per hour. (*Id.*) The report says nothing of billing rates for paralegals. (*Id.*)

Finally, the Court assesses the eighth factor, the amount in controversy and the results obtained. Plaintiff managed to receive judgment against only a subset of the Defendants. Plaintiff sought $25,000 against each of twelve Defendants (for a total of $300,000) and sought various forms of injunctive relief. (*See* ECF No. 146.) The Court awarded Plaintiff a judgment of $1,000 against each of seven Defendants (for a total of $7,000) and no injunctive relief. (*See* ECF Nos. 148–49.) The Court will not belabor the point, but Plaintiff achieved a low degree of success.

Under the three-step process for assessing fees, the Court "must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88 (citation and internal quotation marks omitted). Here, Plaintiff was not successful with respect to its Lanham Act claims or its conspiracy claim. However, the invoices do not reflect the time spent on the those claims as opposed to the Copyright Act claims.

Finally, the Court "should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *McAfee*, 738 F.3d at 88 (citation and internal quotation marks omitted). Here, as discussed above, the Plaintiff did not enjoy a substantial degree of success. Plaintiff received a very small percentage of the damages sought and did not receive any injunctive relief.

In consideration of all of these factors, the Court concludes that an appropriate award of fees is $11,447.73, which represents one-quarter of the requested fee award of $45,790.94. The Court concludes that this amount provides "rough justice," given that "trial courts need not, and indeed should not, become green-eyeshade accountants" in the face of a request for fees. *See Fox*, 563 U.S. at 838 ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

6

In addition to the attorneys' fees, Plaintiff seeks litigation expenses of $1,875.40. The expenses appear reasonable and will be awarded.

### III. Conclusion

For the foregoing reasons, a separate Order will issue granting the Motion for Attorneys' fees and awarding fees and expenses as provided above.

DATED this 19 day of September, 2025.

BY THE COURT:

*James K. Bredar*
James K. Bredar
United States District Judge